[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an action for dissolution. The following facts are found:
1. The parties were married on September 18, 1965. They have been separated approximately two years.
2. There are presently no minor children issue of the marriage.
3. The parties have resided in Connecticut one year prior to filing the complaint.
4. The marriage of the parties has broken down irretrievably and there is no prospect of reconciliation.
5. The defendant's net weekly wage is $312.00. She has a high school diploma and currently doing secretarial work.
6. Plaintiff is a New Haven firefighter. He is also self employed as a carpet cleaner and has a snowplow business in winter.
7. The plaintiff's net weekly wage is reported on his affidavit as $712.40. Evidence adduced at hearing revealed that the $80.00 deduction noted for "credit union" is actually a loan payment also claimed in the liability section. Further, plaintiff receives $250 per month from a boarder. Accordingly, the court finds plaintiff's average net weekly wage to be a minimum of $854.90.
8. Plaintiff notes a pension from NHFD on his affidavit and states "no value until retirement."
The breakdown of this marriage comes as a surprise to defendant. Plaintiff indicates he awoke one morning and realized he was not happy. Plaintiff was a good provider who saw to it that his wife had whatever funds were needed to run the home. Plaintiff acknowledges that she was a good homemaker and mother.
The main difficulty facing the court in attempting to fashion a reasonable equitable order in this case is the issue of the plaintiff's gambling. Plaintiff testified he has been gambling since he was fourteen. Although defendant was aware of this problem to some extent she did not appreciate its full magnitude as the plaintiff was able to provide for his family on a day-to-day basis. Plaintiff's affidavit shows that the bulk of his liabilities is for gambling debts.
Through the years, plaintiff was involved in several CT Page 5243 failed business ventures which lost considerable money. The first home owned by plaintiff and defendant was sold to them below market by defendant's mother. When this house was sold to acquire the home in which defendant now lives, there was enough equity to buy the home outright. Instead, only $30,000 was put down on the $80,000 property. Subsequently, two home equity loans were placed on the property. Current mortgages total $120,000.00, the approximate value of the home. The defendant has indicated that she wishes to continue living in the home. Defendant's only request is that she be put in a position whereby she might retain her home. Plaintiff asks that he pay as little as possible to avoid bankruptcy. Currently, defendant is behind on the mortgage. Plaintiff is current on his debts despite the fact that his affidavit shows his debts to be greater than his income. The couple also owes $26,000.00 to defendant's mother, a debt not. shown on plaintiff's affidavit.
Plaintiff's monthly liability expense exceeds $2,000.00. As noted, most of this expense is due to gambling debts. The mortgage debt on the family home is not stated on plaintiff's affidavit. Again, a large portion of that debt is due to gambling losses. Under these circumstances it would be reasonable for the court to order that the plaintiff make payments to defendant which would cover her mortgage expenses. This is not feasible in view of plaintiff's situation.
The plaintiff formerly had a boarder who shared one-half his expenses. As his rent is very high it is not reasonable for him to receive only $250.00 from his current boarder. This factor, coupled with the $80.00 and $62.50 amounts not shown on plaintiff's affidavit as weekly income, lead this court to conclude that fair and reasonable alimony in this case is $200.00 weekly until such time as defendant cohabits or remarries. In addition, all title and interest to the property at Culver Lane is to vest in defendant. The defendant shall be entitled to one-half if plaintiff's pension by a Qualified Domestic Relations Order. The marriage of the parties is hereby dissolved.
The order for alimony shall be retroactive to January 17, 1991, by agreement of the parties.
Dunnell, J.